**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on April 08, 2010, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: April 08, 2010**

**Arthur I. Harris**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-17526 |
| | ) | |
| James & Marygrace Powell, | ) | Chapter 7 |
|    Debtors. | ) | |
| _____ | ) | Judge Arthur I. Harris |
| | ) | |
| Virgil E. Brown, Jr., | ) | |
|    Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| v. | ) | No. 09-1297 |
| | ) | |
| James & Marygrace Powell, | ) | |
|    Defendants. | ) | |

MEMORANDUM OF OPINION[1]

On September 2, 2009, the Chapter 7 trustee initiated this adversary proceeding alleging that the debtors had failed to turn over property of the estate and seeking revocation of the debtors' discharge under 11 U.S.C. § 727(a)(6). This matter is currently before the Court on the trustee's motion for summary judgment.

---

[1] This opinion is not intended for official publication.

For the following reasons the trustee's motion is granted.

JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(a)(6) is a core proceeding under 28 U.S.C. §§ 157 (b)(2)(J) and 1334, which falls within the jurisdiction granted pursuant to Local General Order Number 84, dated July 16, 1984.

FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 2008, the debtors filed a Chapter 7 bankruptcy petition. The Court granted the debtors a discharge on February 13, 2009 (Docket # 29). The trustee subsequently filed a motion to compel the debtors to turn over funds on deposit, wages due and accounts receivable which were property of the bankruptcy estate. (Docket # 32). On April 4, 2009, the debtors and the trustee entered into an agreed order requiring the debtors to pay the trustee $2,286.00 by March 31, 2009. (Docket # 35).

The trustee filed this adversary proceeding on September 2, 2009, asserting that the debtors had failed to make the stipulated payment and sought to have the debtors' discharge revoked under § 727(a)(6)(A). The trustee subsequently filed this motion for summary judgment. The debtors filed a response expressing a general inability to pay, without evidence to support the statement, and otherwise

2

did not dispute their failure to comply with the agreed order.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In

3

determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The trustee seeks to have the Court revoke the debtors' discharge under § 727(a)(6), which states in relevant part that:

(a)   The court shall grant the debtor a discharge, unless –
  (6)   the debtor has refused, in the case –
    (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the Court's order. *See Smith v. Jordan (In re Jordan)*, 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini (In re Constantini)*, 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); and *Wilmington Trust Co. v. Jarrell (In re Jarrell)*, 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe (In re Gorshe)*, 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson (In re*

4

*Watson)*, 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court has found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in § 727(a)(6) Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack (In re Magack)*, 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (*citing Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

If the moving party can show each of these elements the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 *(quoting Missouri ex rel. Nixon v. Foster (In re Foster)*, 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke a discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient, the debtors must provide supporting evidence to explain their noncompliance. *See Magack*, 247 B.R. at 410

5

*(citing Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)).  A debtor may not merely assert a present inability to comply, and must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack,* 247 B.R. at 410-11.

In the instant action, the trustee has, in affidavit format, established the necessary facts for revocation of discharge under section 727(a)(6).  Having done so, the debtors were given an opportunity to explain their failure to comply with the agreed order.  Although impossibility is a valid defense, these debtors have failed to provide more than mere assertions, and specifically state that "[they] are unable to dispute or halt the adversary proceeding to overturn bankruptcy discharge."  As there has been no explanation for the debtors' general financial inability to satisfy the order, revocation of discharge is warranted.

## CONCLUSION

For the reasons stated above the trustee's motion for summary judgment is granted.

IT IS SO ORDERED.

6